```
|177  155|
|s180  12|
  177      155|
  25 SC   127|
```

Cumberland Valley Railroad Company, Appellant, v. Harrisburg & Mechanicsburg Electric Railway Company, and the Cumberland Valley Traction Company.

*Street railways—Railroads—Crossings—Act of May 14, 1889.*

Under the act of May 14, 1889, P. L. 211, a street railway company has no right to construct, maintain and operate its road across the lines of a steam railroad company without the consent and against the protest of the latter at a point where its roadway is not crossed by a public highway; and it is immaterial whether the proposed crossing is overhead or underground.

Argued Feb. 6, 1896. Appeal, No. 150, Jan. T., 1896, by plaintiff, from decree of C. P. Cumberland Co., Nov. T., 1894, No. 7, dismissing bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Decree reversed.

Bill in equity for an injunction to restrain a street railway company from building a crossing over a railroad. Before BIDDLE, P. J.

The facts appear by the report of Northern Central Ry. v. Harrisburg, etc. Ry., 177 Pa. 142 (next preceding case).

The court entered the following decree :

And now, November 7, 1895, an injunction *is* refused and it is ordered that the Harrisburg & Mechanicsburg Electric Railway Company pay the costs of suit.

*Error assigned* was decree dismissing bill.

*David Watson Rowe, Edw. B. Watts, John G. Johnson* and *John Hays*, with them *W. F. Sadler*, for appellant.—The Cumberland Valley Railroad Company owns its right of way in fee simple : Lawrence's App., 78 Pa. 365 ; Act of February 25, 1826, P. L. 55 ; Robinson v. West Penna. R. R., 72 Pa. 316 ; Wyoming Coal & Transportation Co. v. Price, 81 Pa. 156 ; Jones v. Erie & Wyoming V. R., 144 Pa. 629 ; Jones v. Erie & Wyoming V. R., 169 Pa. 333 ; Pittsburg, Ft. W. & Chi. R. v. Peet, 152 Pa. 488 ; Pa. Schuylkill Val. R. R. v. Paper Mills,

149 Pa. 18; Church v. Public Grounds Co., 103 Pa. 608; Wilkes-Barre v. Wyoming Historical Co., 134 Pa. 616 ; Pepper & Lewis' Digest, 4148, sec. 47.

The defendant has not the right to construct its railway on the property of complainant, under act of 1889 : Penna. R. R. v. Montgomery Co. Pass. Ry., 167 Pa. 62 ; Sedgwick on Damages, ed. of 1874; Pittsburg, Ft. W. & Chi. Ry. v. Peet, 152 Pa. 488.

If the act of 1889 applies, the 18th section is unconstitutional : Pittsburg Junction R. R. Co.'s App., 122 Pa. 511; Potts v. Elevated R. R. Co., 161 Pa. 396 ; Groff's App., 128 Pa. 621 ; Old Colony R. R. v. Plymouth, 14 Gray, 155 ; Bloomfield & Rochester Natural Gas Light Co. v. Calkins, 62 N. Y. 386 ; Sterling's App., 111 Pa. 35 ; Penna. R. R. v. Montgomery Co. Pass. Ry., 167 Pa. 62 ; Du Bois Traction Co. v. B. & P. Ry., 149 Pa. 1 ; Penna. R. R. v. Braddock Electric Ry. Co., 152 Pa. 116.

The complainant has a standing in equity to inquire into the defendant's rights : Pepper and Lewis' Digest, 974, sec. 93 ; Edgewood R. R. Co.'s App., 79 Pa. 257 ; Western R. R. Co.'s App., 104 Pa. 399 ; Pass. Ry. Co. v. Citizens Pass. Ry., 151 Pa. 138; Thomas v. Inter County St. Ry., 167 Pa. 120.

*A. G. Miller* and *J. W. Wetzel*, for appellee.—There has been no departure from the acts of 1889 and 1895 : West. Pa. R. R. Co.'s App., 104 Pa. 399 ; Phila. etc. Co.'s App., 102 Pa. 123 ; Rudolph v. Schuyl. Val. R. R., 166 Pa. 430 ; Pa. Schuyl. V. R. R. v. Phila. & Read. R. R., 160 Pa. 277.

The Cumberland Valley Railroad Company does not own its right of way in fee simple at the point of crossing : Haldeman v. Penna. R. R., 50 Pa. 425 ; Western Pa. R. R. Co.'s App., 99 Pa. 163; Com. v. Erie & N. E. R. R., 27 Pa. 339; Spear v. Allinson, 20 Pa. 200 ; Shamokin V. R. v. Livermore et al., 47 Pa. 465; Lance's App., 55 Pa. 16 ; Western Pa. R. R. v. Johnston, 59 Pa. 290; Pa. Sch. V. R. R. v. P. & R. R., 157 Pa. 42; Jones v. R. R. 169 Pa. 333 ; Phila. & Gray's Ferry Pass. Ry. Co.'s App., 102 Pa. 123.

The defendant has the right to construct its railway across the easement of plaintiff : Union St. Ry. v. Hazleton Ry., 154 Pa. 422 ; Citizens Pass Ry. v. Ry., 164 Pa. 274; Penna. Sch. V. R. R. v. Phila. & Read. R. R., 160 Pa. 277 ; Altoona etc. R.

v. R. R., 160 Pa. 643; Groff v. Turnpike Co., 144 Pa. 153; Rahn Twp. v. St. Ry., 167 Pa. 90.

The act of 1889 does apply, and the 18th section is constitutional: D., L. & W. R. R. v. Wilkes-Barre & W. S. R. R., 11 Pa. C. C. 165; Weimer's Railroad Law, p. 894; Lockhart v. Ry., 139 Pa. 419; Com. ex rel. v. West Chester, 9 Pa. C. C. 542; Gillette v. Chester & Media Ry., 2 Dist. Rep. 450; Gettysburg Bat. Assn. v. Elect. Ry., 2 Dist. Rep. 659; Penna. R. R. v. Montg. Pass. Ry., 3 Dist. Rep. 58; Heilman v. Ry., 145 Pa. 27; Pitts. Junc. Ry. v. Alleg. V. R. Co., 146 Pa. 308; Sharon R. Co.'s App., 122 Pa. 533; Com. v. Cent. Pass. Ry., 52 Pa. 506.

Electric railways have a right to cross steam railroads in cities, boroughs and townships at grade and otherwise: DuBois Trac. Pass. Ry. v. B. R. & P. Ry. Co., 10 Pa. C. C. 401. Affirmed in 149 Pa. 1; Pa. R. R. v. Suburban R. T. Co., 11 Pa. C. C. 591; D., L. & W. R. R. v. Wilkes-Barre & W. Ry., 11 Pa. C. C. 165; Union St. Ry. v. Hazleton Ry., 154 Pa. 423; Plymouth Twp. v. Chest. Hill Ry., 168 Pa. 181; Gillette v. Chester & M. Ry. Co., 2 Dist. Rep. 450; Pa. R. R. v. Conshohocken Ry., 15 Pa. C. C. 454; Gettysburg Bat. Assn. v. Elec. Ry., 2 Dist. Rep. 659; Balt. & Harrisburg R. R. v. H. & McS. St. Ry., 13 Pa. C. C. 291; Brad. & T. C. Ry. v. Brad. Elec. Ry., 1 Dist. Rep. 44.

The plaintiff has no standing to question the validity of defendants' franchises: Junct. Pass. Ry. v. Williamsport Pass. Ry., 154 Pa. 116; Hinchman v. Turnpike, 160 Pa. 150; Phila. & Gray's Ferry Pass. Ry. Co.'s App., 102 Pa. 123; 1 Beach on Injunctions, sec. 42; Watt's App., 78 Pa. 394; Traphagen v. Jersey City, 29 N. J. Eq. 206; 2 High on Injunctions, 405, 618; Balt. & O. R. R. v. Strauss, 37 Md. 237; Hentz v. Long Island R. R., 13 Barb. 646; Erie R. R. v. Delaware R. Co. & R. R. Co., 6 C. E. Green (N. J.); Goodwin v. Cincinnati Ry. Co., 18 Ohio, 169; 2 High on Injunctions, secs. 419, 643; Kerr on Injunctions, sec. 553.

*David Watson Rowe, Edw. B. Watts, John G. Johnson* and *John Hays,* with them *W. F. Sadler,* for appellant, in reply.— From Union Canal Co. v. Young, 1 Wharton, 410, there is an unbroken line of decisions holding that where a corporation or the state acquires real estate in fee for a special purpose, the

land does not revert on cesser of use for that purpose, and that a deed from the state or the corporation carries in fee : Com. v. M'Allister, 2 Watts, 190 ; Haldeman v. Pa. R. R., 50 Pa. 425 ; Craig v. Allegheny, 53 Pa. 477 ; Robinson v. West Penna. R. R., 72 Pa. 316 ; Wyoming Coal Co. v. Price, 81 Pa. 175 ; Penna. & New York Canal v. Billings, 94 Pa. 40 ; Penna. Canal Co. v. Harris, 101 Pa. 80 ; Penna. R. R. v. Boro. of Freeport, 138 Pa. 91 ; Methodist Church v. Public Ground Co., 103 Pa. 608 ; Wilkes-Barre v. Wyoming Soc., 134 Pa. 616.

If the act of 1889 applies the 18th section is unconstitutional : Borough of Strasburg v. Bachman, 21 W. N. C. 462 ; Bagg's App., 43 Pa. 512.

It has been uniformly held that acts of assembly arbitrarily interfering with vested rights are unconstitutional : Grim v. Weissenberg School Dist., 57 Pa. 433 ; Shonk v. Brown, 61 Pa. 320 ; Haley v. Phila., 68 Pa. 479 ; Saxton v. Mitchell, 78 Pa. 479.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 5, 1896 :

This case was argued with Northern Central Railway Company, Apt., against same defendants, No. 151 of January term, 1896, in which an opinion has just been filed. While the facts of the two cases, as to the locus in quo, etc., are different, the questions involved are substantially the same in both. In this case, the alleged intrusion consists in crossing the plaintiff's land or right of way underneath its tracks and the superstructure on which they rest. In the other case, the attempted crossing was by an overhead bridge, spanning the land and right of way of the Northern Central Railway Co., plaintiff in that case. The general and controlling question, however, is practically the same in both cases. For reasons given in the opinion referred to, we think the learned judge of the common pleas erred in not granting the perpetual injunction specially prayed for, and the decree appealed from should therefore be reversed.

The decree dismissing the bill is accordingly reversed, and the perpetual injunction specially prayed for is now granted against the Harrisburg & Mechanicsburg Electric Railway Co., one of the defendants, with costs to be paid by defendant; and, as to the other defendant, the bill is dismissed.